# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

_____

DARCY JONES and PAUL LARSEN,
individually and on behalf of all
others similarly situated,

       Plaintiffs,

v.                             **MEMORANDUM OF LAW & ORDER**
                                Civil File No. 07-2979 (MJD/AJB)

QWEST COMMUNICATIONS
INTERNATIONAL, INC., et al.,

       Defendants.
_____

FELICIA BURCH, et al.,
on behalf of themselves and
other individuals similarly situated,

       Plaintiffs,

v.

                                Civil File No. 06-3523 (MJD/AJB)

QWEST COMMUNICATIONS
INTERNATIONAL, INC., et al.,

       Defendants.
_____

Guy A. Hanson and Dana L. Hooper, Bonnett, Fairbourn, Friedman & Balint, P.C., and Barbara A. Bagdon, Dady & Garner, P.A., Counsel for Plaintiffs Darcy Jones and Paul Larsen.

1

Daniel C. Barr and M. Bridget McMullen, Perkins Coie Brown & Bain, P.A., and Ryan E. Mick and Melissa Raphan, Dorsey & Whitney LLP, Counsel for Defendants.

_____

## I.   INTRODUCTION

This matter is before the Court on Plaintiffs' Motion to Conditionally Certify FLSA Class, to Expedite Discovery of Potential Class Members and Authorize Notice to Same [Docket No. 8] and on Defendants' Motion to Consolidate Actions [Docket No. 31]. The Court heard oral argument on November 16, 2007.

## II.   BACKGROUND

### A.   Factual Background

The allegations of Plaintiffs Darcy Jones and Paul Larsen against Defendants Qwest Communications International Inc., Qwest Communication Corporation, and Qwest Corporation (collectively "Qwest") are nearly identical to those in Burch v. Qwest Communications Int'l, Inc., No. 06-3523 (MJD/AJB), in which this Court conditionally certified a nationwide class on July 27, 2007. In both cases, the plaintiffs allege that Qwest violated the Fair Labor Standards Act ("FLSA") and the Minnesota Fair Labor Standards Act ("MFLSA") by failing to pay overtime wages.

The Jones Plaintiffs seek to represent a class of employees who were employed as sales consultants in Qwest's St. Paul, Minnesota Call Center. As explained in detail in the Burch conditional certification order, Qwest requires

sales consultants to be available for telephone calls for a certain percentage of the workday.  Plaintiffs in Jones assert that the availability requirement at the St. Paul Call Center was sixty-five percent of the eight-hour workday.  Plaintiffs claim that, in order to meet their job requirements, including booting up and closing down software, and their telephone availability requirements and avoid discipline or termination, they worked off the clock without pay.  In addition, Plaintiffs claim that Qwest management knew about the off-the-clock hours employees were working and allowed the practice to continue.

### B. PROCEDURAL BACKGROUND

#### 1. Jones Litigation

A similar FLSA overtime lawsuit entitled Brechler v. Qwest Communication Corp.., et al., Case No. CV 06-0940, is venued in the District of Arizona.  Brechler was filed on March 31, 2006.  The plaintiffs in that case proposed a nationwide class of sales consultants who worked in Qwest's call centers.  The Jones Plaintiffs opted into the Brechler lawsuit: Paul Larsen opted in on July 11, 2006, and Darcy Jones opted in on November 16, 2006.  On November 27, 2006, the Arizona court denied conditional certification of a nationwide FLSA action on the grounds that the plaintiffs had not offered competent affidavits from individuals outside of Arizona to support the allegation of nationwide FLSA violations.  On May 21, 2007, the court did conditionally certify a class limited to Phoenix, Arizona

employees. The court also dismissed Jones' and Larsen's claims and tolled the statute of limitations for 30 days to allow them to separately pursue their FLSA claims.

Jones and Larsen decided not to opt into the Burch action then pending in this Court and decided to file their own statewide class action in the District of Minnesota. On June 20, 2007, Plaintiffs filed the instant lawsuit alleging Count One, Failure to Properly Pay Overtime Wages – FLSA; and Count Two, Failure to Pay Overtime Wages – Minnesota FLSA. They seek to represent the following proposed class:

> Employees at Qwest's call center in St. Paul, Minnesota who, during the Liability Period [the three-year period before the filing of this action], have worked as: (1) Sales Consultants in the Small Business Call Center; (2) Sales and Service Consultants in the Small Business Call Center; (3) Sales Consultants and Center Sales Associates in the Consumer Sales Center; and (4) Sales and Service Consultants and Center Sales and Service Associates in the Consumer Sales and Service Center, who were subject to Qwest's telephone availability requirements, and who worked overtime for which they were not compensated.

(Compl. ¶ 2.)

On August 17, 2007, the Jones case was transferred to the undersigned Judge as a related case to the Burch case.

### 2. Burch Litigation

On August 30, 2006, the Burch Plaintiffs filed a putative class action Complaint against Qwest alleging violations of the FLSA, violations of the MFLSA,

and unjust enrichment. The Complaint was filed on behalf of persons working at Qwest's St. Paul, Minnesota Call Center.

On April 10, 2007, the Burch Plaintiffs filed an Amended Complaint on behalf of all current and former Call Center Sales Consultants and/or Sales and Service Consultants working at Qwest's call centers nationwide. The Amended Complaint alleges Count I, Violations of the FLSA for failure to pay overtime; Count II, Violation of the MFLSA Minimum Wage and Overtime Requirements; Count III, Violation of the MFLSA Rest and Meal Break Requirements; Count IV, Violation of the MFLSA Record Keeping Requirement; Count V, Violation of the Colorado Minimum Wage Act and Regulations Promulgated Thereunder; and Count VI, Violation of Oregon State Law and Regulations Promulgated Thereunder. The claims are all based on the allegation that the Burch Plaintiffs and similarly situated employees nationwide did not receive pay for the time that they spent performing necessary work tasks before and after their scheduled shifts. The Burch Plaintiffs also allege that they have been denied work and meal breaks and have not been compensated for working during meal breaks.

On July 27, 2007, this Court granted the Burch Plaintiffs' Motion for Conditional Class Certification and Judicial Notice, ordered Defendants to provide Plaintiffs' counsel with a list of all individuals employed at Qwest Small Business and Consumer Call Centers nationwide as Sales Consultants and/or Sales and

Service Consultants since August 30, 2003; and approved the proposed Judicial Notice to be mailed to all putative class members.

### 3. Current Motions

The Jones Plaintiffs request that this Court conditionally certify a Minnesota-only collective action, under the FLSA, 29 U.S.C. § 216(b); order that judicial notice be sent to putative class members; and require Defendants to provide Plaintiffs a list of all putative class members. Defendants request that the Court consolidate the Jones case with the Burch case.

## III. DISCUSSION

### A. Motion to Consolidate

#### 1. Introduction

Defendants request that the Court consolidate this action with Burch v. Qwest Communications Int'l Inc., No. 06-3523 (MJD/AJB). Plaintiffs agree to limited consolidation for discovery and some pretrial proceedings. Both parties agree that the Court should not make a decision regarding whether Jones and Burch should be consolidated for trial until later in the litigation, after Qwest has brought its anticipated decertification motion.

#### 2. Legal Standard for Consolidation

Under Federal Rule of Civil Procedure 42(a), "[w]hen actions involving a common question of law or fact are pending before the court, it may order a joint

hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay." The Court has broad discretion in deciding whether to consolidate cases. Enter. Bank v. Saettele, 21 F.3d 233, 235 (8th Cir. 1994). Consolidation is appropriate when the cases involve "a common question of law or fact." Id. (quoting Fed. R. Civ. P. 42(a)). Additionally, "consolidation is permitted as a matter of convenience and economy in administration, but does not merge the suits into a single cause, or change the rights of the parties, or make those who are parties in one suit parties in another." Id. (citations omitted).

The Burch and Jones litigation clearly meet the threshold for Rule 42 consolidation because they involve many identical questions of law and fact regarding whether Qwest violated the FLSA with regard to its sales consultants and whether that violation was willful. Consolidation will prevent duplicative discovery and motion practice. Consolidation for pretrial purposes will pose no prejudice to the Jones Plaintiffs. The Court need not yet decide whether consolidation for trial would be appropriate. See Soler v. G & U, Inc., 477 F. Supp. 102, 105-06 (S.D.N.Y. 1979) (consolidating six FLSA actions under Rule 42(a) for pretrial proceedings and reserving judgment regarding "whether trial should likewise proceed on a consolidated basis"). Therefore, at this point, the Court will

consolidate these actions for purposes of discovery and pretrial proceedings.

**B.    Motion to Conditionally Certify**

**1.    Introduction**

Plaintiffs seek conditional class certification and Court-facilitated notice pursuant to the FLSA, 29 U.S.C. § 216(b). The statute provides:

> An action . . . may be maintained against any employer . . . in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated. No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.

Id.

"[D]istrict courts have discretion, in appropriate cases, to implement 29 U.S.C. § 216(b) . . . by facilitating notice to potential plaintiffs." Hoffmann-La Roche Inc. v. Sperling, 493 U.S. 165, 169 (1989). "Because trial court involvement in the notice process is inevitable in cases with numerous plaintiffs where written consent is required by statute, it lies within the discretion of a district court to begin its involvement early, at the point of the initial notice, rather than at some later time." Id. at 171. "Court authorization of notice serves the legitimate goal of avoiding a multiplicity of duplicative suits and setting cutoff dates to expedite disposition of the action." Id. at 172.

**2.    Discussion**

There is no dispute that the proposed <u>Jones</u> class members are similarly situated because they are a subclass of the proposed <u>Burch</u> nationwide class already conditionally certified by this Court.  However, the Court determines that conditional certification and Court-approved notice are not appropriate or desirable in this case.

Plaintiffs assert that the Court should separately conditionally certify the <u>Jones</u> class, although it includes persons who already were covered by the <u>Burch</u> class, because the Court may decertify the <u>Burch</u> class.  They claim that the risk of decertification is greater in the <u>Burch</u> action than in the <u>Jones</u> action because the <u>Burch</u> class is larger and includes employees in different locations and with different working conditions.  In contrast, the <u>Jones</u> class involves employees at one location with a discrete group of managers.

If the <u>Burch</u> class is decertified, the Court has the option to certify smaller subclasses, such as a Minnesota-only class, or to toll the statute of limitations and inform the parties that they can proceed individually.  <u>See, e.g.</u>, <u>King v. Koch Foods of Miss., LLC</u>, Civil Action No. 3:06CV301TSL-JCS, 2007 WL 1098488, at *4 (S.D. Miss. Apr. 10, 2007) (unpublished) ("[T]he court is aware that discovery may show that certain plaintiffs are not similarly situated, and if this is the case, the court can decertify the class or can create subclasses.") (citation omitted). Thus, the Minnesota <u>Jones</u> Plaintiffs face no potential prejudice from being only

9

included in the nationwide <u>Burch</u> class.

Furthermore, issuing new Court-approved opt-in notices for a potential class that is already subsumed within the <u>Burch</u> class will cause undue confusion and duplication. This would be contrary to the very purpose of Court-facilitated notice. <u>Hoffmann-La Roche Inc. v. Sperling</u>, 493 U.S. 165, 172 (1989) ("Court authorization of notice serves the legitimate goal of avoiding a multiplicity of duplicative suits . . . ."). Inevitably, some potential plaintiffs will opt into both classes. In fact, at least opt-in plaintiff in the <u>Jones</u> action has already opted into the <u>Burch</u> action earlier.

Finally, additional notice will permit Plaintiffs to effectively extend the opt-in period beyond the November 17, 2007 time limitation for <u>Burch</u> opt ins, delaying this litigation. <u>Cf.</u> <u>id.</u> (noting that Court-approved notices assist the goal of "setting cutoff dates to expedite disposition of the action").

The Court recognizes that the <u>Jones</u> Plaintiffs have the right to maintain their own action against Qwest, separate from the <u>Burch</u> action, with the attorneys that they have chosen. The Court's decision to consolidate these two cases for discovery and pretrial purposes does not affect Larsen's and Jones' individual claims. However, the Court is not convinced that Jones and Larsen have the right to pursue a separate class action that is duplicative of the <u>Burch</u> class action and enlist the Court to approve duplicative notice to those potential

10

class members.

Thus, the Court grants pretrial and discovery consolidation, will revisit the issue of trial consolidation after it rules on the decertification issue, and declines to certify the Jones class or authorize discovery of or notice to potential class members.

Accordingly, based upon the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Plaintiffs' Motion to Conditionally Certify FLSA Class, to Expedite Discovery of Potential Class Members and Authorize Notice to Same [Docket No. 8] is **DENIED**.

2. Defendants' Motion to Consolidate Actions [Docket No. 31] is **GRANTED** as follows: These matters, Jones v. Qwest Communications Int'l Inc., Civil File No. 07-2979 (MJD/AJB) and Burch v. Qwest Communications Int'l Inc., Civil File No. 06-3523 (MJD/AJB), are consolidated for pretrial purposes.


Dated: November 20, 2007         s / Michael J. Davis
                                 Judge Michael J. Davis
                                 United States District Court