# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

FELICIA BURCH, ET AL.,
ON BEHALF OF THEMSELVES AND
OTHER INDIVIDUALS SIMILARLY
SITUATED,

    PLAINTIFFS,

V.

QWEST COMMUNICATIONS
INTERNATIONAL, INC., ET AL.,

    DEFENDANTS.

CIVIL NO. 06-3523 (MJD/AJB)

**REPORT & RECOMMENDATION**

## I.    INTRODUCTION

This matter is before the Court, United States Magistrate Judge Arthur J. Boylan, following the telephonic status conference held on January 26, 2010. At the conference the parties disputed the procedural effect of the December 16, 2009 Memorandum of Law and Order on Defendants' Motion for Decertification of Conditional Class; and Plaintiffs' Motion in Support of Partial Summary Judgment. [Docket No. 352.] The parties also submitted their arguments in letters addressed to this Court. The letters included Plaintiffs' letter, dated January 25, 2010; Defendants' letter, dated January 26, 2010; and Plaintiffs' reply letter, dated January 27, 2010.

This Court interprets Plaintiffs' letters as a motion to stay those claims unrelated to the FLSA and Rule 23 classes and/or toll the statutes of limitations. This Court interprets Defendants' letter as a motion to dismiss claims based on allegations of working during meal

1

times or breaks or before and after shifts for reasons other than booting up or shutting down their computers.

For the reasons set forth below, this Court **RECOMMENDS** that Defendants' motion to dismiss be **GRANTED** to the extent that the District Court orders that all claims based on allegations of working during meal times or breaks or before and after shifts for reasons other than booting up or shutting down their computers, except those maintained the caption Plaintiffs, be dismissed without prejudice; and Plaintiffs' motion to stay and/or toll the statutes of limitations be **GRANTED** to the extent that the statutes of limitations on all claims based on allegations of working during meal times or breaks or before and after shifts for reasons other than booting up or shutting down their computers be tolled for 60 days from the date of the District Court's Order on this Report and Recommendation for those individuals who are/were opt-in (FLSA) Plaintiffs or are/were part of the pleaded (Rule 23) class.

## II.  BACKGROUND

Plaintiffs' Second Amended Complaint consisted of nine claims, which include a collective FLSA claim and Rule 23 class action claims, which allege violations of Colorado, Minnesota, Oregon, and Washington state laws. These claims were "based on the allegation that Plaintiffs and similarly situated employees nationwide did not receive pay for their time that they spent performing necessary work tasks before and after their scheduled shifts," as well as Plaintiffs' allegation that they were denied work and meal breaks and were not compensated for work during breaks. (Order 17, Dec. 16, 2009.)

The Court granted Plaintiffs' motion to conditionally certify and provide notice to an FLSA class of persons who worked as Sales Consultants or Sales and Service Consultants at a

Qwest Small Business or Consumer Call Center anywhere in the United States from August 30, 2003, to the present.

Subsequently, Plaintiffs moved for certification of subclasses based upon the state law causes of action and Defendants moved for decertification. In its December 16, 2009 Order the District Court held:

> 1. Defendants' Motion for Decertification of Conditional Class [Docket No. 306] is **DENIED** and the following FLSA class remains certified:
>
>> Individuals who worked as Sales Consultants and/or Sales and Service Consultants at a Qwest Call Center during the past three years who have performed the activities of booting up their computers and logging onto their computer programs before the start of their shifts and/or the activities of logging out of their computer programs and/or shutting down their computers after the end of their shifts and were not compensated for those activities.
>
> 2. Plaintiffs' Motion in Support of Class Certification [Docket No. 312] is **GRANTED** and the following subclasses are certified:
>
>> a) All individuals who are or were employed by Defendants in Minnesota as Sales Consultants and/or Sales and Service Consultants at Defendants' Small Business and/or Consumer Call Centers between August 30, 2003 and the present and who, during that time, have performed the activities of booting up their computers and logging onto their computer programs before the start of their shifts and/or the activities of logging out of their computer programs and/or shutting down their computers after the end of their shifts and were not compensated for those activities.

(Order 72, Dec. 16, 2009.) The Order established four additional subclasses for Plaintiffs from Colorado, Oregon, and Washington. (*Id.* at 72-74.) But, all of the certified classes were different from the classes pleaded by Plaintiffs and presented within their motion. The District Court

concluded that "Plaintiffs who allege FLSA violations based on the hodgepodge of other uncompensated activities are not a cohesive group of Plaintiffs." (*Id.* at 43.) Similarly, the District Court concluded "to the extent that Plaintiffs seek collective action based on allegations of working during meal times or breaks or before and after shifts for reasons other than booting up or shutting down their computers, the Court finds that a collective action [under Fed. R. Civ. P. 23] would be unmanageable and dominated by individualized inquiries." (*Id.* at 46-47.)

A telephonic status conference was held on January 26, 2010, to address Defendants' request for additional discovery. In addition, the parties discussed the status of those claims based on allegations of working during meal times or breaks or before and after shifts for reasons other than booting up or shutting down their computers.

Plaintiffs do not believe the December 16, 2009 Order provided a directive about these claims. Plaintiffs contend that the Court should stay or toll the statutes of limitations for those claims until after the remaining class claims have been resolved.

Defendants contend that the FLSA claims that were not certified should be dismissed without prejudice. Defendants argue in the alternative that if the Court considers tolling the applicable statute of limitations to allow Plaintiffs to file individual claims, then it should be for no more than 30 days. As to the Rule 23 claims, Defendants contend that the Court should not toll the statutes of limitations.

# III. DISCUSSION

From a judicial administration perspective, the December 16, 2009 Order created potential groups of individuals with claims based on allegations of working during meal times or breaks or before and after shifts for reasons other than booting up or shutting down their computers:

1. There may be FLSA opt-in Plaintiffs who no longer qualify as members of the FLSA class but have claims based on allegations of working during meal times or breaks or before and after shifts for reasons other than booting up or shutting down their computers.

2. There may be some FLSA opt-in Plaintiffs who qualify as members of the FLSA class, and also have claims based on allegations of working during meal times or breaks or before and after shifts for reasons other than booting up or shutting down their computers.

3. There are may be individuals who were putative (Rule 23) class members, who do not fall within the defined subclasses of the December 16, 2009 Order, but have claims based on allegations of working during meal times or breaks or before and after shifts for reasons other than booting up or shutting down their computers.

4. There are may be individuals who qualify as subclass members and also have claims based on allegations of working during meal times or breaks or before and after shifts for reasons other than booting up or shutting down their computers.

There are also categories of individuals that are irrelevant for the purposes of this Report and Recommendation, including those class members who do not have claims beyond those defined by the December 16, 2009 Order and captioned Plaintiffs. Specifically this Court is not concerned with the claims of captioned Plaintiffs because those claims were pleaded in the complaint and do not stand to be dismissed should the District Court adopt the recommendations presented herein.

*FLSA Claims*

Defendants contend that "the FLSA claims that were not certified by the Court's December 16, 2009 [O]rder, should be dismissed without prejudice." Plaintiffs contend that

Defendants' request has no merit because the December 16, 2009 Order did not grant Defendants' motion for decertification.

This Court concludes that December 16, 2009 Order constructively denied certification for those individuals in groups one and two, see supra, who have claims based on allegations of working during meal times or breaks or before and after shifts for reasons other than booting up or shutting down their computers. Therefore, this Court recommends that all opt-in plaintiffs claims based on allegations of working during meal times or breaks or before and after shifts for reasons other than booting up or shutting down their computers be dismissed without prejudice. *See Hipp v. Liberty Nat. Life Ins. Co.*, 252 F.3d 1208, 1218 (11th Cir. 2001) ("If the claimants are not similarly situated, the district court decertifies the class, and the opt-in plaintiffs are dismissed without prejudice."); *Nerland v. Caribou Coffee Co.*, Inc., 564 F. Supp.2d 1010, 1017-18 (D. Minn. 2007) ("If the claimants are not similarly situated, the district court decertifies the class and the opt-in plaintiffs are dismissed without prejudice."); *see also Brennan v. Qwest Communications Intern., Inc.*, Civil No. 07-2024 ADM/JSM, 2009 WL 1586721, *3 (D. Minn. June 4, 2009) (applying *Nerland*, 564 F.Supp.2d at 1017-18).

Defendants cite case law for the proposition that courts can toll the statute of limitations on FLSA claims where motions for decertification of FLSA claims have been granted. *See Smith v. Heartland Automotive Services, Inc.*, 404 F. Supp.2d 1144 (D. Minn. Dec. 12, 2005); *Proctor v. Allsups Convenience Stores, Inc.*, 250 F.R.D. 278 (N.D. Tex. Apr. 24, 2008); *Reed v. County of Orange*, __ F.R.D. __, 2010 WL 60922 (C.D. Cal. Jan. 8, 2010). None of these cases are binding on this Court and none of these cases provide any substantive discussion concerning the decision whether to toll the statute of limitations.

As will be explained below, the statute of limitations is tolled in cases in which certification under Fed. R. Civ. P. 23 is denied for the purpose of permitting putative class members to interplead or file separate actions. *Crown, Cork & Seal Co., Inc. v. Parker*, 462 U.S. 345, 354, 103 S. Ct. 2392, 2397-98 (1983). In this context, the United States Supreme Court has concluded that "[t]olling the statute of limitations . . . creates no potential for unfair surprise." *Id.* at 353, 103 S. Ct. at 2397.

Whether this procedure is applicable to FLSA opt-in plaintiffs has not been explored in depth. But, having reviewed the policies underlying the United States Supreme Court's decisions in *American Pipe & Construction Co. v. Utah*, 414 U.S. 538 (1974) and *Crown, Cork & Seal Co., Inc. v. Parker*, 462 U.S. 345, 103 S. Ct. 2392 (1983), the FLSA, and the principle of equitable tolling, this Court concludes that tolling the statute of limitations following the denial of certification in FLSA actions is appropriate.

In *American Pipe*, the United States Supreme Court examined the evolution of class action jurisprudence as embodied in Fed. R. Civ. P. 23 and concluded that "[a] federal class action is no longer 'an invitation to joinder' but a truly representative suit designed to avoid, rather than encourage, unnecessary filing of repetitious papers and motions." 414 U.S. at 550, 94 S.Ct. at 764-65. Thus, in *Crown*, the Court held:

> "[T]he commencement of a class action suspends the applicable statute of limitations as to all asserted members of the class who would have been parties had the suit been permitted to continue as a class action." Once the statute of limitations has been tolled, it remains tolled for all members of the putative class until class certification is denied. At that point, class members may choose to file their own suits or to intervene as plaintiffs in the pending action.

462 U.S. at 353-54, 103 S.Ct. at 2397-98 (quoting *American Pipe & Construction Co.*, 414 U.S. at 554, 94 S. Ct. at 766). Because it is infeasible for a class member to file his or her own suit or

7

motion to intervene contemporaneously with the issuance of a court's decision to deny certification, courts typically deny certification and toll the statute of limitations for an additional, brief period of time to afford a former class member the opportunity to pursue his or her individual claims.

"In the case of a collective action under the FLSA, the action is commenced when a party files his or her written consent to become part of the action." *Redman v. U.S. West Business Resources, Inc.*, 153 F.3d 691, 695 (8th Cir. 1998) (citing 29 U.S.C. § 256(a)-(b)). Thus, in FLSA collective actions, a potential class member must either file an opt-in consent form in a pending action or file a separate lawsuit before the statute of limitations has run in order to preserve his or her FLSA claim. Plaintiffs typically cannot opt in to an FLSA action until the Court has granted "conditional certification" or authorized the named Plaintiff to transmit notice to potential class members. *Smith v. Heartland Automotive Services, Inc.*, 404 F. Supp.2d 1144, 1149 (D. Minn. 2005) (describing two-step certification process).

The United States Supreme Court has described equitable tolling as warranted in a number of situations, including where the party "has received inadequate notice . . . ; or where a motion for appointment of counsel is pending . . . ; or where the court has led the plaintiff to believe that she had done everything required of her" or "where affirmative misconduct on the part of a defendant lulled the plaintiff into inaction." *Baldwin County Welcome Center v. Brown*, 466 U.S. 147, 151, 104 S. Ct. 1723, 1725-26 (1984).

This is a situation where the litigants have been led to believe that they have done everything required. At the point that a court denies certification of the FLSA class, the opt-in individual cannot be said to have neglected his or her rights. It is excusable to not anticipate decertification at the time that the individual opts in. *Cf. American Pipe & Const. Co.*, 414 U.S.

at 553-554, 94 S. Ct. at 766 ("[W]here the determination to disallow the [Rule 23] class action was made upon considerations that may vary with such subtle factors as experience with prior similar litigation or the current status of a court's docket, a rule requiring successful anticipation of the determination of the viability of the class would breed needless duplication of motions."). Furthermore, because the opt-in individual could have initiated his or her own action, the individual should not be prejudiced for their decision to join a collective action instead. And Defendants are not prejudiced because Defendants were on notice of the potential claims at the point that the individuals opted in.

Thus, this Court concludes that tolling the statute of limitations in FLSA proceedings is appropriate following denial of class certification. In the present case, this Court recommends tolling the statute of limitations as to the FLSA claims based on allegations of working during meal times or breaks or before and after shifts for reasons other than booting up or shutting down their computers for 60 days from the date of the District Court's Order on this Report and Recommendation.

*Rule 23 Claims*

For the reasons set forth above, this Court concludes that the December 16, 2009 Order constructively denied certification for those individuals in groups three and four, see supra, who have claims based on allegations of working during meal times or breaks or before and after shifts for reasons other than booting up or shutting down their computers.

Federal Rule of Civil Procedure 23(c)(4) permits an action to be maintained as a class action with respect to particular issues. Typically, when certification is denied, putative class members must seek to intervene or file separate actions. *Crown, Cork & Seal Co., Inc.*, 462 U.S. at 354, 103 S. Ct. at 2397-98. Thus, when a class is certified as to some claims and not others,

the class members must seek to intervene or file separate actions as to those claims that cannot be maintained as a class.

Thus, this Court concludes that putative class members and class members who have claims based on allegations of working during meal times or breaks or before and after shifts for reasons other than booting up or shutting down their computers must seek to intervene or file separate actions. For the reasons set forth above, this Court also recommends tolling the statutes of limitations as to these claims for 60 days from the date of the District Court's Order on this Report and Recommendation.[1]

## IV. RECOMMENDATION

Based upon the record, memoranda, and oral arguments of counsel, this Court **RECOMMENDS** that:

1. Defendants' motion to dismiss be **GRANTED** to the extent that the District Court orders that all claims based on allegations of working during meal times or breaks or before and after shifts for reasons other than booting up or shutting down their computers, except those maintained the caption Plaintiffs, be dismissed without prejudice.

---

[1] The fact that this Court is considering tolling claims based upon state law does not alter the analysis because Colorado, Minnesota, Oregon, and Washington have either adopted or applied *American Pipe*'s holding. *See Pickett v. Holland America Line-Westours, Inc.*, 35 P.3d 351, 359 (Wash. 2001) (applying *American Pipe* and stating, " the filing of a class action lawsuit, as one that is representative in nature, preserves the claims of . . . those persons whose claims were not time barred") (en banc); *Rosenthal v. Dean Witter Reynolds, Inc.*, 883 P.2d 522, 531 (Colo. App. 1994) (stating, "The commencement of a class action tolls the statute of limitations for all members of the putative class, thereby preserving for the individual class members the portion of the limitations period that remained at the time the class action was commenced"), *aff'd in part, rev'd in part on other grounds by* 908 P.2d 1095 (Colo. Dec. 18, 1995); *Bartlett v. Miller and Schroeder Municipals, Inc.*, 355 N.W.2d 435, 439 (Minn. App. 1984) (applying *American Pipe* and holding that "[t]he filing of a class action tolls the running of the statute of limitations as to all asserted members of the class who would have been parties had the action been certified as a class action"); *Bergquist v. International Realty, Ltd.*, 537 P.2d 553, 561 (Or. 1975) (applying the "general principles enunciated in *American Pipe*") (en banc).

2. Plaintiffs' motion to stay and/or toll the statutes of limitations be **GRANTED** to the extent that the statutes of limitations on all claims based on allegations of working during meal times or breaks or before and after shifts for reasons other than booting up or shutting down their computers be tolled for 60 days from the date of the District Court's Order on this Report and Recommendation for those individuals who are/were opt-in (FLSA) Plaintiffs or are/were part of the pleaded (Rule 23) class.

Dated: 2/4/10

s/ Arthur J. Boylan
Magistrate Judge Arthur J. Boylan
United States District Court

Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court and by serving upon all parties written objections that specifically identify the portions of the Report to which objections are made and the basis of each objection. This Report and Recommendation does not constitute an order or judgment from the District Court and it is therefore not directly appealable to the Circuit Court of Appeals. Written objections must be filed with the Court before February 18, 2010.